Flora Rodríguez, conocida por Clorinda Rodríguez, Etc., demandantes y apelados, *v.* The American Railroad Company of Porto Rico, demandada y apelante.

No. 5213.—*Sometido:* Febrero 10, 1930. *Resuelto:* Julio 29, 1930.

*Mariano Acosta Velarde*, abogado de la apelante; *Pascasio Fajardo*, abogado de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La apelada solicita la desestimación de este recurso fundándose en que la apelante ha dejado de activar la aprobación de la transcripción de evidencia pendiente ante la Corte de Distrito de Mayagüez, o por lo menos que no lo ha hecho así dentro de los 90 días fijados por el reglamento de esta corte. La apelante sostiene ante este tribunal y en su oposición a dicha moción, que la corte de distrito estaba de vacaciones y que estaba pendiente de aprobación un acta sobre la inspección ocular hecha por la corte del sitio del accidente. La apelada sostiene que, no obstante, la corte se reunió a fin de discutir mociones una o dos veces por semana y que la demandante pudo haber activado su caso. Poco

después la apelante elevó a este tribunal la transcripción de evidencia con el acta de la inspección ocular hecha por la corte, y también ha completado los autos y radicado su alegato. La resolución de la corte ordenando se agregara el acta contenía la aseveración de que las partes presentaron oportunamente ante ella sus indicaciones sobre dicha acta. Esto fué el 3 de febrero de 1929, y el 5 del mismo mes la corte inferior aprobó la transcripción. Bajo las circunstancias reseñadas, creemos que la apelante ha demostrado suficiente diligencia, y la moción de desestimación basada en este motivo debe ser declarada sin lugar.

Sin embargo, la apelada presentó una moción solicitando se desestimara el recurso fundándose en que éste es frívolo. El abogado de la parte apelada trajo una copia de la transcripción taquigráfica certificada por el taquígrafo, mas no por la corte inferior, para ayudarse en su tentativa de probar que el recurso era frívolo. La apelante insistió en que el recurso era meritorio, pero no trató de contestar detalladamente los argumentos de la parte apelada al efecto de que el recurso era frívolo. Sentimos algunas simpatías hacia la moción de la apelada, que un examen superficial del alegato de la apelante hasta ahora no ha disipado. Empero, al tiempo de presentarse la moción no teníamos a la vista el certificado de la transcripción de evidencia debidamente aprobada por el juez de distrito. Ahora ha sido elevada a éste tribunal, pero al tiempo de presentarse la moción, por lo menos, técnicamente, los apelados y quizás la apelante, no tenían derecho a basarse en la transcripción de evidencia sin certificar. Por consiguiente en el momento de someterse la moción para desestimar, esta corte no estaba en posición de entrar a considerar la transcripción taquigráfica. Considerarla ahora sería entrar en algo de lo cual la apelante no tuvo el beneficio al tiempo de radicarse la moción, a saber, un certificado completo aprobado por el juez sentenciador unido a su acta relativa a las condiciones de la estación del ferrocarril en el momento del accidente. Nos sentimos obligados

a resolver que la moción de desestimación por frívola, en tanto en cuanto dependía de un examen de los hechos, fué prematura. *Por tanto debe declararse sin lugar sin perjuicio de que sea presentada de nuevo.*

El Juez Asociado Señor Hutchison está conforme con el resultado.

El Juez Asociado Señor Texidor no intervino.